**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| IAN MARCELLUS SCOTT, | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *     Civil No. 26-885-BAH |
| MEGAN SHERBIN ET AL., | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

Plaintiff Ian Marcellus Scott ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 5, which shall be GRANTED.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). For the reasons explained below, Plaintiff's complaint will be DISMISSED.

## I.    **BACKGROUND**

Plaintiff brings suit against defendants Sheriff's Deputy Megan Sherbin ("Sherbin"), Sheriff's Deputy Brian Teets ("Teets"), Judge Mark D. Thomas ("Judge Thomas"), and Prosecutor Edgar Ocampo ("Ocampo") (collectively "Defendants"). *See* ECF 1, at 2. Plaintiff's claims seemingly arise out of a traffic stop that occurred on December 26, 2025. *Id.* at 5. Plaintiff alleges that he was "traveling east on Halfway Boulevard near Federal Express and there was an incident that happened with an actor in disguise as (Officer) M. Sherbin." *Id.* Plaintiff claims that he "informed the officer [he] was traveling under [his] private capacity in the Maryland territory," at which time Sherbin "called for backup and another officer claiming to be a Sergeant . . . placed" Plaintiff "under peonage." *Id.* Plaintiff alleges he was then "made to sign a bond by threat and coercion for freedom," that his "automobile was towed at [his] expense to the cost of $330.00," and that he was "placed in custody against [his] will or consent." *Id.*

Plaintiff alleges violations of a number of civil and criminal federal statutes, including 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 3571; 28 U.S.C. § 3002(15); 18 U.S.C. § 1581; and 42 U.S.C. § 1994. *Id.* Plaintiff also brings claims of "bank fraud," "investment fraud," "unauthorized bond production," "armed kidnapping," "exploitation of a legal justice minority group by BAR closed union courts," "fictitious conveyance of language," "armed conspiracy against the rights of people," "armed extortion of right," "unauthorized bond production," "acting as agent of for foreign official," and "denied proper warrant." *Id.* (capitalization altered).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain

"enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 555).

This Court lacks subject matter jurisdiction over "obviously frivolous" claims. *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910)); *see also Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court authority to dismiss frivolous claims exists even in the absence of a statutory provision providing such authority); *Alexander v. Dep't of Army*, Civ. No. DLB-21-2285, 2021 WL 4417080, at *1 (D. Md. Sept. 24, 2021) (listing cases), *aff'd sub nom.*, *Alexander v. Dep't of the Army*, No. 21-2131, 2021 WL 6101837 (4th Cir. Dec. 22, 2021), *cert. denied*, 143 S. Ct. 98 (2022). For a patently frivolous complaint, "dismissal prior to service of process is permissible" as the Court lacks subject matter jurisdiction over the action. *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) (mem.); *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012). To determine if a claim is frivolous, this Court may "apply common sense." *Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

## II.   <u>ANALYSIS</u>

### A.   **Federal Statutory Claims**

First, Plaintiff may not bring suit under three of the federal criminal statutes he cites, including 18 U.S.C. § 241; 18 U.S.C. § 242; and 18 U.S.C. § 3571. As is well established, "[u]nless there is a clear [legislative] intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute." *United States ex rel. Angel v. Scott*, 697

3

F. Supp. 3d 483, 490 (E.D. Va. 2023) (brackets in original) (citing *Brown v. Clements,* No. 15-cv-104, 2015 WL 5677296, at *9 (E.D. Va. Sept. 23, 2015)). "Federal rights of action, like substantive federal law, 'must be created by Congress'" by unambiguous statute. *McKenzie-El v. Internal Revenue Serv.,* Civ. No. ELH-19-1956, 2020 WL 902546, at *14 (D. Md. Feb. 24, 2020) (quoting *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001)). "A bare criminal statute provides for no express civil remedy." *Scott,* 697 F. Supp. 3d at 490 (quotation and citation omitted). The three criminal statutes, 18 U.S.C. §§ 241, 242, and 3571, do not create a private right of action, and any claims. brought under these statutes by Plaintiff must be dismissed. *See, e.g., Dingle v. Baggett,* No. 5:19-CV-34-D, 2019 WL 3194834, at *3 (E.D.N.C. July 12, 2019) ("[N]either 18 U.S.C. § 241 nor 18 U.S.C. § 242 creates a private right of action."); *Brown v. Saunders,* Civ. No. SAG-25-2174, 2025 WL 1899428, at *1 (D. Md. July 9, 2025) (finding no private right of action in 18 U.S.C. § 3571 and another criminal statute and dismissing complaint).

Second, 18 U.S.C. § 1581 is part of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). *See* 18 U.S.C. §§ 1581–1597. The TVPRA *does* authorize a private person to bring a civil action for an alleged violation of § 1581. *See* 18 U.S.C. § 1595(a) ("An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator . . . ."); *see also United States ex rel. Fadlalla v. DynCorp Int'l, LLC,* Civ. No. PX-15-1806, 2022 WL 703918, at *4 (D. Md. Mar. 9, 2022) ("The TVPRA prohibits peonage, slavery, and trafficking in persons and provides a private right of action for any 'individual who is a victim of a [TVPRA] violation.'" (citing 18 U.S.C. § 1595(a)). Section 1581 of the TVPRA prohibits anyone from "hold[ing] or return[ing] any person to a condition of peonage, or arrest[ing] any person with the intent of placing him in or returning him to a condition of peonage." 18 U.S.C. § 1581(a). "[P]eonage is

4

a form of involuntary servitude." *Krings v. U.S. Postal Serv.*, No. 1:15CV114, 2015 WL 6394166, at \*2 (W.D.N.C. Sept. 21, 2015) (quoting *Taylor v. State of Georgia*, 315 U.S. 25, 29 (1942)).

Although the TVPRA provides a private right of action, Plaintiff has failed to state a claim of peonage in violation of the TVPRA. "The Supreme Court has defined peonage as a condition of compulsory service where an individual is compelled to work based upon a debt owed his creditor." *Id.* (first citing *United States v. Reynolds*, 235 U.S. 133, 144 (1914); and then citing *Bailey v. State of Alabama*, 219 U.S. 210, 242–43 (1911)). "Fundamental to any claim of peonage is an indebtedness and a compulsion to work until such debt is paid off." *Id.* (first citing *Bailey*, 219 U.S. at 242; and then citing *Reynold*, 235 U.S. at 144). Here, Plaintiff alleges that the "officer claiming to be a Sergeant ... immediately placed" Plaintiff "under peonage." ECF 1, at 5. Plaintiff fails to allege that he was indebted to any defendant or compelled to work until any alleged debt was paid off. The complaint is devoid of any other facts to support the allegation that Plaintiff was subject to peonage. Plaintiff's claim under the TVPRA must be dismissed, and his claim brought under 42 U.S.C. § 1994, which abolished debt peonage, is dismissed for the same reason.

Plaintiff's claim under 28 U.S.C. § 3002(15) must also be dismissed as this section merely provides the definition of the "United States" under the Federal Debt Collection Practices Act. *See* 28 U.S.C. § 3001 et seq. The Federal Debt Collection Practices Act sets forth the "exclusive civil procedures for the United States ... to recover a judgment on ... an amount that is owing to the United States on account of ... restitution." *Id.* §§ 3001(a)(1), 3002(3)(B). The definition under § 3002(15) does not provide a private cause of action and it is not clear what claim Plaintiff intended to bring by citing to this section.

### B.    Plaintiff's Remaining Claims

With respect to Plaintiff's remaining allegations, the complaint fails to "give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests."

5

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). Plaintiff makes two brief factual allegations against Sherbin—that she "attempted to traffic [Plaintiff's] person" and that she "called for backup." ECF 1, at 5. These vague allegations are conclusory and disconnected from any cited law. And Plaintiff does not allege any facts related to Teets, Judge Thomas,[1] or Ocampo. *See id.* As it stands, the complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be[.]" *Wynn-Bey v. Talley*, Civ. No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) (citing *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981)).

Moreover, although Plaintiff never expressly invokes the term "sovereign citizen," the allegations in the complaint sound in a sovereign citizen theory claiming immunity to traffic laws. *See, e.g.*, ECF 1, at 5 (alleging that Plaintiff "was traveling under [his] private capacity in the Maryland territory which to [his] knowledge is [his] lawful right to travel"). Claims based on this type of sovereign citizen ideology have been routinely dismissed by this and other courts. *See Davis v. Hinds 1776*, Civ. No. JRR-24-2798, 2024 WL 4651031, at *2 (D. Md. Nov. 1, 2024) (dismissing complaint as frivolous and collecting cases where sovereign citizen-type claims based on a right to travel or immunity to traffic laws have been rejected by various courts). Accordingly, the Court finds the complaint frivolous, and Plaintiff has otherwise failed to state a claim under any of the cited statutes. The complaint will be dismissed.

---

[1] Moreover, to the extent that Plaintiff seeks to bring any claims against Judge Thomas based on any judicial acts related to the traffic stop, judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976).

## III.   <u>CONCLUSION</u>

Accordingly, it is this <u>25th</u> day of March, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The complaint is DISMISSED as frivolous;

2. Plaintiff's motion to proceed in forma pauperis, ECF 5, is GRANTED;

3. The Clerk SHALL SEND a copy of this Order to Plaintiff; and

4. The Clerk SHALL CLOSE this case.

_____/s/_____

Brendan A. Hurson
United States District Judge

7